# UNITED STATES DISTRICT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# (ATLANTA DIVISION)

| | | |
|---|---|---|
| DENISE VANDERMARK | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:12-cv-01122-SCJ-CCH |
| EMORY UNIVERSITY and | ) | |
| RON ROEMER, individually | ) | |
|     Defendants, | ) | |
| | ) | |

## AMENDED COMPLAINT

**COMES NOW** DENISE VANDERMARK, Plaintiff, in the above-styled civil action, by and through her counsel of record, Curt Thompson, and file this, her Amended Complaint ro correct a scriveners error in the spelling of Plaintiff's given name which is Denise, not Denese as spelled in the original complaint. The entirety of the complaint below is identical to the original complaint except for this correction.

This Amended Complaint is made pursuant to Rule15 of the Federal Rules of Civil Procedure which provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. No responsive pleading has been served and as such this Amended Complaint is properly filed without requesting leave of court. Fed.R.Civ.P.15.

## I. JURISDICTION

1.

This action is based upon violations of the anti-discrimination employment laws which are covered by Title VII of the 1964 Civil Rights Act, as amended, as well as,

pursuant to Title 42 USC §1981, and 1983 as amended by the Civil Rights Act of 1991  and the Age Discrimination in Employment Act (ADEA), 29 USC § 621 et seq as amended and pursuant to Title 1 of the Americans with Disabilities Act of 1990 as amended. Specifically this action is being brought based upon claims of discrimination by the Defendants on the basis of gender, age, disability and for retaliation for filing the initial complaint in this action and for damages resulting from same.  This action is being brought pursuant to the Plaintiff's receipt from the Equal Employment Opportunities Commission (EEOC) of right-to-sue letters which received by Plaintiff within 90 days from the date of the filing of this complaint, a copy of which is attached and marked as "Exhibit A" and or within the scope of any delay in same contemplated by O.C.G.A. § 9-10-150.  See Exhibit "B".  Plaintiff further brings a claim for the tort of Intentional Infliction of Emotional Stress and  Damages as an ancillary state law claim based on the same actions and events as in Plaintiff Ms. VanDermark's discrimination causes of action.

2.

Jurisdiction is further invoked pursuant to 28 USC §§ 451, 1331, 1337, 1343 and 1345. This action is further authorized and instituted pursuant to Section 107(a) of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and based on the ancillary jurisdiction of this court as it relates to any and all related state law claims alleged below.

## II. VENUE

3.

The employment practices, acts and omissions complained of herein occurred within Dekalb County, Georgia, same located within the Northern District of Georgia (Atlanta Division)

and Defendants Emory University and Ron Roemer reside in the Northern District of Georgia (Atlanta Division) and as such venue is proper with this court.

### III. PARTIES

#### 4.

Plaintiff DENISE VANDERMARK, (hereinafter "Plaintiff"), is a caucasian female over the age of 40, and who at all times mentioned herein was employed as a full-time Clinical Trials Finance Manager for the Defendant, EMORY UNIVERSITY, ("Defendant Emory") and worked under the supervision of Defendant, RON ROEMER, ("Defendant Roemer").

#### 5.

Defendant Emory is located at 1599 Clifton Road, NE, Atlanta, GA 30322. Said defendant is an employer as set forth by the Title VII, the ADA, and the ADEA at all times mentioned herein.

#### 6.

Defendant Roemer works at the same address as Defendant Emory and is employed by Defendant Emory above and worked as Plaintiff's Direct Supervisor on behalf of Defendant Emory \as contemplated by Title VII and the ADEA at all times herein.

#### 7.

All relevant events and transactions, as alleged herein, arise in connection with the Plaintiff's charges of gender and age discrimination, as well as her claims of retaliation and violation of the ADA which occurred while Plaintiff was acting within the scope and terms of her employment with Defendant Emory University and under the direct supervision of Defendant Ron Roemer.

### III. GENERAL FACTS AND ALLEGATIONS

8.

Plaintiff Denise VanDermark (VanDermark) was hired by the Defendant, Emory University in March 2010, as a Clinical Trials finance Manager.

9.

Plaintiff VanDermark is a female who at all times relevant to this complaint Plaintiff was over the age of 40. (age 61 at the time of her being hired by Emory University)

10.

Plaintiff Ms. VanDermark's immediate supervisor was Defendant Ron Roemer (Roemer) a male employee of Defendant Emory University (Emory).

11.

Beginning on or about March 8, 2010 and continuing until on or about May 27, 2010 Defendant Roemer verbally abused Ms. VanDermark and bullied her.

12.

Defendant Roemer would rage and yell at Ms. VanDermark constantly berating her and making statements such as "You are starting to annoy me and I don't like to hit women".

13.

Defendant Roemer currently supervises only women and has had similar discrimination complaints lodged against him by other female employees over the age of 40 including Elissa Vermillion.

14.

Defendant Roemer works with other male employees and interacts with other male employees in other departments without engaging in this type of behavior.

15.

4

Plaintiff Ms. VanDermark did report this behavior to the human resources department of Defendant Emory University but no actions were taken to discipline Defendant Roemer or to change the hostile and discriminatory work environment created by Defendant Roemer.

16.

Plaintiff Ms. VanDermark began suffering severe physical and emotional stress as a result of the constant beratement and hostile treatment of Defendant Roemer.

17.

Plaintiff Ms. VanDermark suffered a heart attack on April 12, 2012 as a direct and proximate result of the stress created by the work environment created and condoned by the Defendants causing her permanent physical damage, resulting in lost work, lost sick leave and benefits and medical expenses.

18.

Plaintiff Ms. VanDermark suffered through this intentional infliction of emotional distress by the Defendants resulting in the above described stress, heart attack and physical problems, and for which she suffered actual and consequential damages including physical damage to her health, lost work, lost sick leave and benefits and medical expenses.

19.

Plaintiff Ms. VanDermark specifically had to seek counseling as a result of depression, anxiety and stress resulting from the conduct of the Defendants beginning on or about April 7, 2010 and continuing until at least August of 2010.

20.

Plaintiff Ms. VanDermark filed an EEOC complaint on or about June 14, 2010 complaining of discrimination based on her age and gender (See Exhibit "A")

21.

On February 22, 2011 Plaintiff Ms. VanDermark received a verbal reprimand from her employer in retaliation for filing her complaint.

22.

As a result of the conduct of the Defendants Plaintiff Ms. VanDermark suffered increased blood pressure and hypertension which lead to the abovementioned heart attack and as such Ms. VanDermark was or became a sufferer of a Disability within the scope of the Americans with Disabilities Act.

23.

On March 3, 2011 Plaintiff Ms. VanDermark notified Defendant Emory University of her disability and requested reasonable accommodation first in the form of a transfer and second in the form of being moved to an office away from the Defendant Roemer and out of hearing of his conduct towards herself or the other female employees.

24.

Defendant Emory denied this request stating that there was "no space in the department available to accommodate the request."

25.

This statement was false in that there were in the department vacant offices which would have sufficed as reasonable accommodation and Defendants simply did not want to make such an accommodation in violation of the ADA and in retaliation for her having filed an EEOC complaint.

26.

6

Plaintiff VanDermark on May 11, 2011 filed a retaliation complaint against the

Defendant Emory (See Exhibit "A").

27.

Plaintiff was after the filing of the ADA eventually allowed to move into the vacant

office but was told "this was temporary and could be taken away at any time".

28.

Plaintiff has since been allowed to transfer to another position within Emory but not until

after suffering the above described discrimination and damages as a result of Defendants'

conduct and actions.

COUNT ONE

29.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -29 of this complaint and

they are hereby re-alleged and incorporated by reference.

30.

With regard to harassment by a supervisor, the Supreme Court specifically
endorsed the adoption and use of anti-harassment policies in two 1998
decisions: *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v.
City of Boca Raton*, 524 U.S. 775 (1998). The Court in Faragher established that
when harassment by a supervisor creates a hostile work environment but does not
result in a tangible employment action, the employer can raise the following
affirmative defense to liability or damages: (1) the employer exercised reasonable
care to prevent and correct promptly any harassment; and (2) the employee
unreasonably failed to take advantage of any preventive or corrective
opportunities provided by the employer or to avoid harm otherwise.*Faragher v.
City of Boca Raton*, 524 U.S. at 807. In Faragher, the Court found a city
government liable for harassment by a supervisor because such an employer, with
many departments in multiple locations, could not protect against harassment
without communicating "some formal [anti-harassment] policy with a sensible

complaint procedure." *Id.*, at 809. Anti-harassment policies are necessary to show that agencies have taken "reasonable care to prevent and correct promptly . . . such harassment." *Id.*, at 807. As such, the Court stressed that *Title VII* is designed to encourage the creation of anti-harassment policies and effective grievance mechanisms.

31.

Defendants' actions shows that they were jointly engaged in disparate treatment and harassment of the Plaintiff and or the condoning and acquiescing in same treatment on the basis of her gender in a manner which is in violation of Title VII of the 1964 Civil Rights Act, as amended, and therefore entitle Plaintiff to the recovery of damages arising from the stress injuries and heart attack, intentional infliction of emotional distress, actual and proximate damages to Plaintiff's health as a result of the actions of Defendants jointly and separately in acting and condoning said action vis a vis it's employee, loss of income, and general and mental pain and suffering, all of which attended such misconduct.

COUNT TWO

32.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 32 of this complaint and they are hereby re-alleged and incorporated by reference.

33.

Defendants' actions in subjecting Plaintiff to intentional gender discrimination violates Title 42 USC §§1981 and 1983, as amended by the Civil Rights Act of 1991, and as a consequence, entitle Plaintiff to the recovery of damages, including, but not limited to, lost wages, humiliation, actual damages from injuries resulting from stress inflicted upon her including her heart attack and related conditions, mental pain and suffering, and punitive damages.

COUNT THREE

8

34.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 34 of this complaint and they are hereby re-alleged and incorporated by reference.

35.

Defendants' actions in subjecting Plaintiff to intentional age discrimination violates and the Age Discrimination in Employment Act (ADEA), 29 USC § 621 et. seq. as amended and as incorporated into various related provisions of the Civil Rights act of 1964 as amended as a consequence, entitle Plaintiff to the recovery of damages, including, but not limited to, lost wages, humiliation, actual damages from injuries resulting from stress inflicted upon her including her heart attack and related conditions, mental pain and suffering, and punitive damages.

COUNT FOUR

36.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 36 of this complaint and they are hereby re-alleged and incorporated by reference.

37.

Defendants' actions in subjecting Plaintiff to retaliation for the filing of the original EEOC complaint violates Title VII of the Civil Rights act of 1964 as amended as a consequence, entitle Plaintiff to the recovery of damages, including, but not limited to, lost wages, humiliation, actual damages from injuries resulting from stress inflicted upon her including her heart attack and related conditions, mental pain and suffering, and punitive damages.

COUNT FIVE

38.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 38 of this complaint and they are hereby re-alleged and incorporated by reference.

39.

Defendants' actions in subjecting Plaintiff to discrimination based on her disability violates Title I of the Americans with Disabilities Act of 1990 as amended as a consequence, entitle Plaintiff to the recovery of damages, including, but not limited to, lost wages, humiliation, actual damages from injuries resulting from stress inflicted upon her including her heart attack and aggravation of her related conditions, mental pain and suffering, and punitive damages.

COUNT SIX

40.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 40 of this complaint and they are hereby re-alleged and incorporated by reference.

41.

Defendants' actions were so morally outrageous and deliberate against Plaintiff acts Ms. VanDermark that same constituted and resulted in the intentional infliction of emotional distress as defined under Georgia law to Plaintiff Ms. VanDermark causing her serious physical and emotional harm and damages for which plaintiff is entitled to judgment in her favor as prayed for below.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally for any and all lost vacation and sick leave, any lost back pay, lost employment benefits, actual and compensatory damages, punitive damages, attorney's fees and costs, as well as any other relief which this Court deems just and equitable, and in connection therewith, specifically prays that this Honorable Court:

10

a) adjudge Defendants to have engaged in unlawful discrimination;

b) impose jointly and severally upon the Defendants actual and compensatory damage for the violation of Plaintiff's statutory rights and for any and all consequential injuries and damages and same be assessed against the defendant in an amount to be determined by the enlightened conscience of this Court, including damages for loss of past and future income, emotional distress, suffering, inconvenience, past and future mental anguish, and loss of enjoyment of life;

c) award Plaintiff punitive damages to be paid jointly and severally by the Defendants for the unlawful intentional discrimination by Defendants;

d) award Plaintiff punitive damages to be paid jointly and severally by the Defendants for the unlawful intentional discrimination by Defendants and to deter the future commission of such conduct by the Defendants;

e) award Plaintiff costs of this action and reasonable attorney's fees; and

f) award Plaintiff such further relief, equitable or legal, that this Court may deem just and proper.

Respectfully Submitted:

Thompson & Associates Law Firm, P.C.

Curt B. Thompson
Georgia Bar No. 707663
Attorney for the Plaintiff
51 South Peachtree Street, Suite 4
Norcross, Georgia 30071
Phone :(404) 643-2649
Fax: (404) 651-7078
curtbthompson@bellsouth.net

11